Mr. Atkins Warren Chief of Police City of Gainesville Post Office Box 1250 Gainesville, Florida 32602
Dear Chief Warren:
This is in response to your request for an opinion on substantially the following question:
 MUST INFORMATION CONTAINED IN THE RECORDS OF A POLICE DEPARTMENT REGARDING THE AMOUNT OF PROPERTY STOLEN DURING THE COMMISSION OF A CRIME BE MADE AVAILABLE FOR PUBLIC INSPECTION?
You state that recently a large amount of cash was taken from a local bank. According to your letter, the cash was not placed in the vault at closing time and the money disappeared overnight. A question has arisen as to whether information contained in the records of the police department concerning the amount of cash involved must be made available for public inspection pursuant to s 119.07, F.S.
Section 119.011(1), F.S., defines public records to include, among other things, all documents, papers, tapes, sound recordings or other materials, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by a municipal agency or officer. Section 119.07, F.S., requires the custodian of public records to permit the inspection of such records by any person desiring to do so at reasonable times and under reasonable conditions, unless such records are presently provided by law to be confidential or are prohibited by general or special law from being inspected by the public. See ss 119.07(1) and (3)(a), F.S. If a particular record contains information which is made confidential by statute, the custodian is under a duty to delete or excise that portion of the record only for which the exemption is asserted and to produce for inspection the remainder of the record. Section 119.07(2)(a), F.S. Certain records and information in the possession of a criminal justice agency have been exempted from the disclosural requirements of s 119.07(1). See s119.011(4), F.S., defining `criminal justice agency' to mean any law enforcement agency, court or prosecutor. Among the records and information so exempted from public inspection are the identity of confidential sources, s 119.07(3)(e); information revealing surveillance techniques, procedures or personnel, s 119.07(3)(f); information revealing a criminal justice agency's undercover personnel, s 119.07(3)(g); the identity of a victim of a sexual battery or child abuse, s 119.07(3)(h); certain information concerning law enforcement personnel and their families, s119.07(3)(k); criminal intelligence or investigative information received by a Florida criminal justice agency from a non-Florida criminal justice agency on a confidential or similarly restricted basis, s 119.072; and criminal intelligence or investigative information obtained prior to January 25, 1979, s 119.07(3)(j). Also included among the foregoing information exempted from the provisions of s 119.07(1) is `[a]ny criminal intelligence information or criminal investigative information which reveals the personal assets of the victim of a crime, other than propertystolen or destroyed during the commission of the crime, . . . .' (e.s.) Section 119.07(3)(i), F.S.
Information which must be made available for inspection includes the time, date, location and nature of the reported crime, s119.011(3)(c)1.; the name, sex, age and address of the person arrested, s 119.011(3)(c)2.; the name, sex, age, and address of the victim of a crime except the victim of a sexual battery or child abuse, s 119.011(3)(c)2.; the time, date and location of the incident and of the arrest, s 119.011(3)(c)3.; the crime charged, s 119.011(3)(c)4.; the documents given or required by law or agency rule to be given to the person arrested, s 119.011(3)(c)5.; and informations and indictments except as provided in s 905.26, s119.011(3)(c)6. The disclosure of other information by a criminal justice agency depends upon whether such information is active; active criminal intelligence or investigative information is exempt from the disclosure provisions of Ch. 119, s 119.07(3)(d), F.S. See s 119.011(3)(a) and (b), F.S., for definitions of criminal intelligence and investigative information. Criminal investigative information is considered `active' as long as it is `related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.' See s 119.011(3)(d)2. Andsee s 119.011(3)(d)1., defining active criminal intelligence information. In addition, criminal investigative and intelligence information will be considered to be `active' when such information is directly related to pending prosecutions or appeals.
In AGO 080-96, this office considered whether police crime and arrest reports were exempt from the disclosural provisions of Ch. 119. This office noted that Ch. 119 nowhere expressly exempts of refers to police crime and arrest reports and it was this office's opinion that such reports do not fall within the exemption for active criminal intelligence or investigative information. Stating that criminal intelligence information does not relate to any actual crime which has been committed but rather relates to intelligence information collected generally in an effort to anticipate criminal activity, this office concluded that crime and arrest reports, because they clearly relate to specific criminal acts or omissions, could not be considered criminal intelligence information. In addition, as the crime report initiates the investigation and the arrest report is the result of such investigation, it was the opinion of this office that a report filed before the investigative process actually begins (i.e., the crime report) or after it has concluded (i.e., the arrest report) could not be considered criminal investigative information.
In light of the foregoing, it appears that the information in question in the instant inquiry, i.e., the amount of property stolen during the commission of a crime, would be subject to the disclosural provisions of s 119.07. While criminal intelligence or investigative information revealing the personal assets of a victim are expressly exempt from s 119.07(1), see s 119.07(3)(i), property stolen or destroyed during the commission of a crime is expressly excluded from the exemption. In addition, this information relating to the amount of property stolen does not appear to fall within the exemption for active criminal intelligence or investigative information. See AGO 080-96. Cf. s119.011(3)(c)1., stating that criminal intelligence information and criminal investigative information shall not include the time, date, location and nature of a reported crime. And see AGO's 080-57 and 079-75 and cases cited therein stating that if any uncertainty exists with respect to whether such records should be made available to the public, such doubt should be resolved in favor of public access.
Accordingly, I am of the opinion until and unless judicially or legislatively determined otherwise that information contained in the records of a municipal police department regarding the amount of property stolen during the commission of a crime is subject to the disclosure provisions of s 119.07(1) and must be made available for public inspection.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General